FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 09 2015 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STEPHEN SUKHDEO,

                Petitioner,

v.

ERIC T. SCHNEIDERMAN, ATTORNEY
GENERAL, STATE OF NEW YORK,

                Respondent.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
14-CV-2523 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

Before the Court is a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 by Petitioner Stephen Sukhdeo ("Petitioner"). Petitioner was convicted on one count of Grand Larceny in the Second Degree in violation of New York Penal Law ("NYPL") § 155.40(1) and three counts of Criminal Possession of a Forged Instrument in the Second Degree in violation of NYPL § 170.25. On March 3, 2010, Petitioner was sentenced to ninety days imprisonment to be followed by five years' probation. Dkt. 1 ("Petition") at PDF 1. Petitioner brought this action for a writ of *habeas corpus* on April 21, 2014. Dkt. 1. Petitioner's term of probation expired in June 2015. Accordingly, the Court dismisses Petitioner's claim as MOOT.

## DISCUSSION

The Court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Parties to a suit, however, must always satisfy the case-or-controversy requirement of Article III of the United States Constitution to have standing to sue in federal court. *See* U.S. Const. art. III, § 2. "A case becomes moot if, at any stage of the proceedings, it fails to satisfy the case-or-controversy requirement" of the Constitution. *Kamagate v. Ashcroft*, 385 F.3d 144, 150 (2d Cir. 2004) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Habeas petitioners who are no longer in custody "must demonstrate a concrete and continuing injury that is a collateral consequence" of

1

the detention challenged. *Sanders v. United States*, No. 10-CV-1285, 2010 WL 1438808, at *1 (E.D.N.Y. Apr. 8, 2010) (Cogan, J.) (citing *Spencer*, 523 U.S. at 7, 13-14); *see also Gutierrez v. Laird*, No. 05-CV-5135, 2008 WL 3413897, at *1 (E.D.N.Y. Aug. 8, 2008) (Irizarry, J.) (citing *Spencer*, 523 U.S. at 7). There is a presumption of collateral consequences for challenges to criminal convictions, but no such presumption exists for challenges to other aspects of criminal proceedings. *See, e.g.*, *Sanders*, 2010 WL 1438808 at *1 (holding petitioner has no standing to sue for habeas relief when he has obtained the relief requested through other avenues); *Gutierrez*, 2008 WL 3413897 at *1 (holding petitioner who was no longer in federal custody is not privy to a presumption of collateral consequences from his detention).

Here, Petitioner filed the petition seeking a writ of habeas corpus under § 2254 solely seeking to challenge the legality of his punishment of ninety days imprisonment and five years probation. *See generally* Petition. However, Petitioner is no longer subject to this punishment because it has now expired. *See* Email from Randall Unger, Esq., Counsel for Petitioner, to Anjali Bhat, Esq., Law Clerk to the Hon. William F. Kuntz, II (Dec. 8, 2015 17:40 EST) (on file with chambers). Accordingly, the Petition no longer satisfies the case-or-controversy requirement of Article III, and there is no presumption of collateral consequences from his sentence. The petition is therefore dismissed as MOOT.

## CONCLUSION

For the reasons set forth above, Petitioner's petition seeking a writ of *habeas corpus* is denied as MOOT. The Clerk of Court is respectfully directed to close this case.

**SO ORDERED**

/S/ Judge William F. Kuntz, II

HON. WILLIAM F. KUNTZ, II
United States District Judge

Dated: December 7, 2015
Brooklyn, New York